ORIGINAL

WILLIAM P. BARR
Attorney General of the United States
NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Special Attorney Appointed Under 28 U.S.C. § 515
DENNIS MITCHELL (Cal. Bar No. 116039)
Special Attorney Appointed Under 28 U.S.C. § 515
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3359 / (213) 894-2484
     E-mail:    mark.a.williams@usdoj.gov
                dennis.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 21 2019
at __ o'clock and __ min __ M
SUE BEITIA, CLERK

RECEIVED
CLERK, U.S. DISTRICT COURT
NOV 21 2019
DISTRICT OF HAWAII

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

             Plaintiff,

        v.

MONSANTO COMPANY,

             Defendant.

Case No. CR19 00162 JMS

PLEA AGREEMENT FOR DEFENDANT
MONSANTO COMPANY

1. This constitutes the binding plea agreement between defendant MONSANTO COMPANY ("defendant" or "Monsanto") and the United States Attorney's Office for the Central District of California, acting as Special Attorney in the District of Hawaii ("the USAO"), in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

1

## RULE 11(c)(1)(C) AGREEMENT

2. Defendant understands that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Accordingly, defendant understands that, if the Court determines that it will not accept this agreement, or the accompanying Deferred Prosecution Agreement, absent a breach of this agreement by defendant prior to that determination and whether or not defendant elects to withdraw any guilty plea entered pursuant to this agreement, this agreement and the Deferred Prosecution Agreement will, with the exception of paragraph 18 below, be rendered null and void and both defendant and the USAO will be relieved of their obligations under this agreement and the Deferred Prosecution Agreement. Defendant agrees, however, that if defendant breaches this agreement prior to the Court's determination whether or not to accept this agreement, the breach provisions of this agreement, paragraphs 20 and 21 below, will control, with the result that defendant will not be able to withdraw any guilty plea entered pursuant to this agreement, the USAO will be relieved of all of its obligations under this agreement, and the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

## DEFENDANT'S OBLIGATIONS

3. Defendant agrees to:

    a) Give up the right to indictment by a grand jury, and at the earliest opportunity requested by the USAO and provided by the Court appear and plead guilty to count three of the three-count Information, in the form attached to this agreement as Exhibit A or

a substantially similar form, charging defendant with unlawful spraying of a banned pesticide in violation of 7 U.S.C. §§ 136j(a)(2)(K) and 136l(b)(1)(B).[1]

    b) Not contest facts agreed to in this agreement and the accompanying Deferred Prosecution Agreement.[2]

    c) Abide by all agreements regarding sentencing contained in this agreement and the accompanying Deferred Prosecution Agreement, and affirmatively recommend to the court that it impose sentence in accordance with paragraph 12 of this agreement.

    d) Appear for all court appearances, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e) Not commit any federal felony or misdemeanor offense or state felony offense; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

    g) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

---

[1] Defendant has not agreed to plead guilty to counts one and two of the Information, which are subject to the accompanying Deferred Prosecution Agreement.

[2] All of the provisions set forth in the Deferred Prosecution Agreement between defendant and the USAO, filed concurrently with this agreement, are incorporated herein by this reference.

## THE USAO'S OBLIGATIONS

4. The USAO agrees to:

   a) Not contest facts agreed to in this agreement and the accompanying Deferred Prosecution Agreement.

   b) Abide by all agreements regarding sentencing contained in this agreement and the Deferred Prosecution Agreement, and affirmatively recommend to the court that it impose sentence in accordance with paragraph 12 of this agreement.

## CORPORATE AUTHORIZATION

5. Defendant represents that it is authorized to enter into this agreement. On or before the change of plea hearing pursuant to this agreement, defendant shall provide the USAO and file with the Court a notarized legal document(s) certifying that defendant is authorized to enter into and comply with all of the provisions of this agreement. Such legal document(s) shall designate a company representative who is authorized to take the actions specified in this agreement, and shall also state that all legal formalities for such authorizations have been observed.

## ORGANIZATIONAL CHANGES AND APPLICABILITY

6. This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest"). Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the District of Hawaii with reasonably prompt notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement. No change in

name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement. Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

## NATURE OF THE OFFENSE

7. Defendant understands that for defendant to be guilty of the crime charged in count three of the three-count Information, that is, unlawful spraying of a banned pesticide, in violation of 7 U.S.C. §§ 136j(a)(2)(K) and 136l(b)(1)(B), the following must be true: defendant, a commercial applicator of a restricted use pesticide, knowingly sprayed, a restricted use pesticide that had been banned by the Environmental Protection Agency pursuant to a cancellation order.

## PENALTIES

8. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 7 U.S.C. §§ 136j(a)(2)(K) and 136l(b)(1)(B), is: a five-year period of probation; a fine of $200,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $125.

## SUSPENSION, REVOCATION, AND DEBARMENT

9. Defendant understands that if defendant holds any regulatory licenses or permits, the conviction in this case may result in the suspension or revocation of those licenses and permits. The USAO makes no representation or promise concerning suspension or debarment of defendant from contracting with the

United States or with any office, agency, or department thereof. Suspension and debarment of organizations convicted under various federal environmental protection and criminal statutes is a discretionary administrative action solely within the authority of the federal contracting agencies. Defendant understands that unanticipated collateral consequences such as this will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts attached hereto as Exhibit B and incorporated by reference herein, and agree that the statement of facts is sufficient to support the plea of guilty to the charge in count three of the Information described in this agreement as well as the sentence, conditions of probation, compliance program, fine, and community service payments specified in this agreement. The attached statement of facts is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

## SENTENCING AGREEMENT

11. Defendant and the USAO agree and stipulate that, pursuant to United States Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the sentencing guidelines are not applicable in determining the fine for an organization violating statutes relating to the environment, but that all other sections of Chapter 8 of the U.S.S.G. are applicable in this case, including the provisions regarding probation and restitution. Defendant understands that in

determining defendant's sentence, the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant agrees that at the time of sentencing the Court may consider any uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

    12. Pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2 and the factors set forth in Title 18, United States Code, Section 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the parties agree that defendant shall be sentenced as follows:

    a)   <u>Probation</u>: Defendant shall be sentenced to a two-year term of probation with conditions to be fixed by the Court, including, but not limited to, the conditions of probation set forth in Exhibit C to this agreement.

    b)   <u>Criminal Fine</u>: Defendant shall pay the statutory maximum criminal fine of $200,000. The criminal fine shall be paid by certified check or wire transfer to the Clerk of the United States District Court for the District of Hawaii, and confirmation of the completed wire transfer or certified check shall be provided

by defendant to the USAO, within two weeks of the date the sentence is imposed.

      c) <u>Community Service Payments</u>: Defendant shall pay a total of $4,000,000 in the form of community service payments to the Hawaii government entities as described in the conditions of probation set forth in Exhibit C to this agreement.

      d) <u>Special Assessment</u>: Defendant shall pay a total special assessment of $125.

      e) <u>Deferred Prosecution Agreement</u>: Defendant shall comply with the terms of the felony Deferred Prosecution Agreement filed concurrently with this agreement.

## WAIVER OF CONSTITUTIONAL RIGHTS

13. Defendant understands that by pleading guilty, defendant gives up the following rights:

      a) The right to persist in a plea of not guilty.

      b) The right to a speedy and public trial by jury.

      c) The right to be represented by counsel at trial. Defendant understands, however, that defendant retains the right to be represented by counsel at every other stage of the proceeding.

      d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e) The right to confront and cross-examine witnesses against defendant.

      f) The right to testify and to present evidence in opposition to the charge, including the right to compel the attendance of witnesses to testify.

g) Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF STATUTE OF LIMITATIONS

14. Having been fully advised by defendant's attorney regarding application of the statute of limitations to the offense to which defendant is pleading guilty, defendant hereby knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have not to be prosecuted for the offense to which defendant is pleading guilty because of the expiration of the statute of limitations for the offense prior to the filing of the Information alleging the offense; and (b) any defense, claim, or argument defendant could raise or assert that prosecution of the offense to which defendant is pleading guilty is barred by the expiration of the applicable statute of limitations, pre-indictment delay, or any speedy trial violation.

### WAIVER OF APPEAL OF CONVICTION

15. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

16. Defendant agrees that, provided the Court imposes the sentence specified in paragraph 12, defendant gives up the right to appeal any portion of the sentence.

17. The USAO agrees that, provided the Court imposes the sentence specified in paragraph 12, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

18. Defendant agrees that if, after entering the guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then: (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action(s), except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

19. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and government counsel.

## BREACH OF AGREEMENT

20. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and government counsel, knowingly violates or fails to perform any of defendant's

obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, (b) the USAO will be relieved of all its obligations under this agreement, and (c) the Court's failure to follow any recommendation or request regarding sentence set forth in this agreement will not provide a basis for defendant to withdraw defendant's guilty plea.

21. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

  a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

  b) Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

  c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis

1  statement attached to this agreement; and (iii) any evidence derived
2  from such statements, shall be admissible against defendant in any
3  such action against defendant, and defendant waives and gives up any
4  claim under the United States Constitution, any statute, Rule 410 of
5  the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of
6  Criminal Procedure, or any other federal rule, that the statements
7  or any evidence derived from the statements should be suppressed or
8  are inadmissible.

### COURT AND PROBATION OFFICE NOT PARTIES

10  22.  Defendant understands that the Court and the United States
11  Probation Office are not parties to this agreement and need not
12  accept any of the USAO's sentencing recommendations or the parties'
13  agreements to facts, sentencing factors, or the sentence. Defendant
14  understands that the Court will determine the facts, sentencing
15  factors, and other considerations relevant to sentencing and will
16  decide for itself whether to accept and agree to be bound by this
17  agreement.

18  23.  Defendant understands that both defendant and the USAO are
19  free to: (a) supplement the facts by supplying relevant information
20  to the United States Probation Office and the Court, (b) correct any
21  and all factual misstatements relating to the Court's Sentencing
22  Guidelines calculations and determination of sentence, and (c) argue
23  on appeal and collateral review that the Court's Sentencing
24  Guidelines calculations and the sentence it chooses to impose are
25  not error, although each party agrees to maintain its view that the
26  calculations and sentence referenced in paragraph 12 are consistent
27  with the facts of this case. While this paragraph permits both the
28  USAO and defendant to submit full and complete factual information

to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

24. Defendant understands that, except as set forth herein, and in the parties' tolling agreements and Deferred Prosecution Agreement, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

25. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

WILLIAM P. BARR
Attorney General of the United States

NICOLA T. HANNA
United States Attorney

_____   11/21/19
MARK A. WILLIAMS                 Date
DENNIS MITCHELL
Special Attorneys Appointed Under
28 U.S.C. § 515

_____   11/18/2019
MARY M. SHAFFER                  Date
Head of HSE & Real Estate Law for Crop Science
Authorized Representative of Defendant
MONSANTO COMPANY

_____   11/18/19
ALICE S. FISHER                  Date
Attorney for Defendant
MONSANTO COMPANY

_____   11/18/19
WILLIAM M. HARSTAD               Date
Attorney for Defendant
MONSANTO COMPANY

14

## CERTIFICATION OF DEFENDANT

I have been authorized by defendant MONSANTO COMPANY ("defendant") to enter into this agreement on behalf of defendant. I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with defendant's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms on behalf of defendant. I have discussed the evidence with defendant's attorney, and defendant's attorney has advised me of defendant's rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me or to defendant other than those contained in this agreement. No one has threatened or forced me or defendant in any way to enter into this agreement. I am satisfied with the representation of defendant's attorney in this matter, and I am pleading guilty on behalf of defendant because defendant is guilty of the charge and wishes to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     Date: 11/18/2019
MARY M. SHAFFER
Head of HSE & Real Estate Law for Crop Science
Authorized Representative of Defendant
MONSANTO COMPANY

15

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant MONSANTO COMPANY's attorney. I have carefully and thoroughly discussed every part of this agreement with the authorized representative of my client. Further, I have fully advised my client and its authorized representative of its rights, of possible motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____     11/18/19
ALICE S. FISHER                    Date
Attorney for Defendant
MONSANTO COMPANY

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant MONSANTO COMPANY's attorney. I have carefully and thoroughly discussed every part of this agreement with the authorized representative of my client. Further, I have fully advised my client and its authorized representative of its rights, of possible motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____    11/18/2019
WILLIAM M. HARSTAD           Date
Attorney for Defendant
MONSANTO COMPANY