ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 21 2019

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

1  WILLIAM P. BARR
   Attorney General of the United States
2  NICOLA T. HANNA
   United States Attorney
3  BRANDON D. FOX
   Assistant United States Attorney
4  Chief, Criminal Division
   MARK A. WILLIAMS (Cal. Bar No. 239351)
5  Special Attorney Appointed Under 28 U.S.C. § 515
   DENNIS MITCHELL (Cal. Bar No. 116039)
6  Special Attorney Appointed Under 28 U.S.C. § 515
        1300 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 894-3359 / (213) 894-2484
        E-mail:    mark.a.williams@usdoj.gov
9                  dennis.mitchell@usdoj.gov

10 Attorneys for Plaintiff
   UNITED STATES OF AMERICA

RECEIVED
CLERK, U. S. DISTRICT COURT

NOV 21 2019
11 p.m. as
DISTRICT OF HAWAII

11

12             UNITED STATES DISTRICT COURT

13           FOR THE DISTRICT OF HAWAII

14 UNITED STATES OF AMERICA,        Case No. CR19 00162 JMS

15             Plaintiff,           DEFERRED PROSECUTION AGREEMENT
                                    FOR DEFENDANT MONSANTO COMPANY
16             v.

17 MONSANTO COMPANY,

18             Defendant.

19

20

21      1.   This constitutes the deferred prosecution agreement

22 between defendant MONSANTO COMPANY ("defendant" or "Monsanto") and

23 the United States Attorney's Office for the Central District of

24 California, acting as Special Attorney in the District of Hawaii

25 ("the USAO"), in the above-captioned case.  This agreement is

26 limited to the USAO and cannot bind any other federal, state, local,

27 or foreign prosecuting, enforcement, administrative, or regulatory

28 authorities.

                              1

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a)   Give up the right to indictment by a grand jury, and at the earliest opportunity requested by the USAO and provided by the Court, appear for arraignment on counts one and two of a three-count Information, in the form attached to this agreement as Exhibit A or a substantially similar form, that charges defendant with two counts of unlawful storage of an acute hazardous waste in violation of 42 U.S.C. § 6928(d)(2)(A).

b)   No later than 14 days after defendant's sentencing hearing on count three of the attached Information: (1) pay a total criminal fine of $6,000,000; and (2) pay a total of $4,000,000 in community service payments to the Hawaiian government entities as described in the conditions of probation set forth in Exhibit C to the parties' Plea Agreement.

c)   Enter into, sign, and file a Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, in the form attached to this agreement as Exhibit C or a substantially similar form.

d)   Comply with all terms in the parties' Plea Agreement.[1]

e)   Not contest facts agreed to in this agreement and the parties' Plea Agreement.

f)   Appear for all court appearances and obey any other ongoing court order in this matter.

---

[1] All of the provisions set forth in the Plea Agreement between defendant and the USAO, filed concurrently with this agreement, are incorporated herein by this reference.

2

1    g)    Not commit any federal felony or misdemeanor offense
2    or state felony offense.

3    h)    Be truthful at all times with Pretrial Services, the
4    United States Probation Office, and the Court.

5                    THE USAO'S OBLIGATIONS

6    3.    The USAO agrees to:

7    a)    Not contest facts agreed to in this agreement and the
8    accompanying Plea Agreement.

9    b)    Sign, file, and enter a Stipulation Regarding Request
10   for (1) Continuance of Trial Date and (2) Findings of Excludable
11   Time Periods Pursuant to Speedy Trial Act, in the form attached to
12   this agreement as Exhibit C or a substantially similar form.

13   c)    If defendant is in full compliance with all of its
14   obligations under this agreement and the Plea Agreement at the
15   conclusion of the two-year deferred prosecution term, within 15
16   calendar days of the conclusion of the term of this agreement, move
17   to dismiss counts one and two of the Information with prejudice.

18   d)    Except for criminal tax violations (including
19   conspiracy to commit such violations chargeable under 18 U.S.C.
20   S 371), not further prosecute defendant for criminal and/or civil
21   violations arising out of defendant's conduct described in the
22   attached statement of facts and/or defendant's storage or spray of
23   Penncap-M.  Defendant understands that the USAO is free to
24   criminally prosecute defendant for any other unlawful past conduct
25   or any unlawful conduct that occurs after the date of this
26   agreement.  Defendant agrees that at the time of sentencing the
27   Court may consider any uncharged conduct in determining the
28

3

1 applicable Sentencing Guidelines range, the propriety and extent of
2 any departure from that range, and the sentence to be imposed after
3 consideration of the Sentencing Guidelines and all other relevant
4 factors under 18 U.S.C. § 3553(a).
5                           TERM OF AGREEMENT
6       4.   This agreement is effective upon signature and execution
7 by defendant, defendant's counsel, and government counsel, and will
8 remain in effect for a period of two years from the date the Court
9 signs the order pursuant to the parties' Stipulation Regarding
10 Request for (1) Continuance of Trial Date and (2) Findings of
11 Excludable Time Periods Pursuant to Speedy Trial Act.
12       5.   If, after defendant and defendant's counsel sign this
13 agreement, the Court does not accept defendant's guilty plea and
14 sentence defendant as provided in the Plea Agreement, then defendant
15 and the USAO agree that this agreement is null and void.
16                       CORPORATE AUTHORIZATION
17       6.   Defendant represents that it is authorized to enter into
18 this agreement.  On or before the first court appearance pursuant to
19 this agreement or the Plea Agreement, defendant shall provide the
20 USAO and file with the Court a notarized legal document(s)
21 certifying that defendant is authorized to enter into and comply
22 with all of the provisions of this agreement.  Such legal
23 document(s) shall designate a company representative who is
24 authorized to take the actions specified in this agreement, and
25 shall also state that all legal formalities for such authorizations
26 have been observed.
27
28

4

## ORGANIZATIONAL CHANGES AND APPLICABILITY

7.   This agreement shall bind defendant, its successor entities (if any), parent companies, and any other person or entity that assumes the liabilities contained herein ("successors-in-interest").  Defendant, or its successors-in-interest, if applicable, shall provide the USAO and the United States Probation Office for the District of Hawaii with reasonably prompt notice of any name change, business reorganization, sale or purchase of assets, divestiture of assets, or similar action impacting their ability to pay the fine or affecting this agreement.  No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of legal status, sale or purchase of assets, or similar action shall alter defendant's responsibilities under this agreement.  Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

## NATURE OF THE OFFENSES

8.   Defendant understands that for defendant to be guilty of the crimes charged in counts one and two of the three-count Information, that is, unlawful storage of an acute hazardous waste, in violation of 42 U.S.C. § 6928(d)(2)(A), the following must be true: (1) defendant knowingly stored; (2) more than one kilogram of an acute hazardous waste, which defendant knew had the substantial potential to be harmful to others or to the environment; and (3) without a permit or interim status.

## PENALTIES

9.   Defendant understands that the statutory maximum sentence that the Court can impose for each violation of 42 U.S.C.

1  § 6928(d)(2)(A) is: five years' probation; a fine of the greater of

2  (1) $500,000 or twice the gross gain or gross loss resulting from

3  the offense, whichever is greatest, or (2) $50,000 for each day of

4  violation; and a mandatory special assessment of $400.

5      10.  Defendant understands, therefore, that, the total maximum

6  sentence for the offenses in counts one and two of the Information

7  is: five years' probation; a fine of the greater of (1) $1,000,000,

8  or twice the gross gain or gross loss resulting from the offense,

9  whichever is greatest, or (2) $100,000 for each day of violation;

10  and a mandatory special assessment of $800.

11            SUSPENSION, REVOCATION, AND DEBARMENT

12      11.  Defendant understands that if defendant holds any

13  regulatory licenses or permits, this agreement may result in the

14  suspension or revocation of those licenses and/or permits.  The USAO

15  makes no representation or promise concerning suspension or

16  debarment of defendant from contracting with the United States or

17  with any office, agency, or department thereof.  Suspension and

18  debarment of organizations is a discretionary administrative action

19  solely within the authority of the federal contracting agencies.

20  Defendant understands that unanticipated collateral consequences

21  such as this will not serve as grounds to withdraw from this

22  agreement.

23                      FACTUAL BASIS

24      12.  Defendant and the USAO agree to the statement of facts

25  attached hereto as Exhibit B and incorporated herein by this

26  reference.  The attached statement of facts is not meant to be a

27  complete recitation of all facts relevant to the underlying criminal

28  conduct or all facts known to either party that relate to that

1  conduct.  Should the USAO pursue the prosecution that is deferred by

2  this agreement, defendant agrees that it will neither contest the

3  admissibility of, nor contradict, the attached statement of facts in

4  any such proceeding.

5                   WAIVER OF STATUTE OF LIMITATIONS

6        13.  Having been fully advised by defendant's attorney

7  regarding application of the statute of limitations to the offenses

8  to which this agreement applies, defendant hereby knowingly,

9  voluntarily, and intelligently waives, relinquishes, and gives up:

10  (a) any right that defendant might have not to be prosecuted by the

11  USAO for the offenses because of the expiration of the statute of

12  limitations for the offenses prior to the filing of the Information

13  alleging the offenses; and (b) any defense, claim, or argument

14  defendant could raise or assert that prosecution of the offenses to

15  which this agreement applies by the USAO is barred by the expiration

16  of the applicable statute of limitations, pre-indictment delay, or

17  any speedy trial violation.

18                        BREACH OF AGREEMENT

19        14.  Defendant agrees that if defendant, at any time after the

20  signature of this agreement and execution of all required

21  certifications by defendant, defendant's counsel, and government

22  counsel, knowingly violates or fails to perform any of defendant's

23  obligations under this agreement ("a breach"), the USAO may declare

24  this agreement breached.  All of defendant's obligations are

25  material, a single breach of this agreement is sufficient for the

26  USAO to declare a breach, and defendant shall not be deemed to have

27  cured a breach without the express agreement of the USAO in writing.

28  If the USAO declares this agreement breached, and the Court finds

1   such a breach to have occurred, then the USAO will be relieved of
2   all its obligations under this agreement.

3       15.   Following the Court's finding of a knowing breach of this
4   agreement by defendant, should the USAO choose to pursue any charge
5   or any civil, administrative, or regulatory action that was either
6   dismissed or not filed as a result of this agreement, then:

7            a)   Defendant agrees that any applicable statute of
8   limitations is tolled between the date of defendant's signing of
9   this agreement and the filing commencing any such action.

10           b)   Defendant waives and gives up all defenses based on
11   the statute of limitations, any claim of pre-indictment delay, or
12   any speedy trial claim with respect to any such action, except to
13   the extent that such defenses existed as of the date of defendant's
14   signing this agreement.

15           c)   Defendant agrees that: (i) any statements made by
16   defendant, under oath, at any hearing (if such a hearing occurred
17   prior to the breach); (ii) the agreed to factual basis statement
18   attached to this agreement; and (iii) any evidence derived from such
19   statements, shall be admissible against defendant in any such action
20   against defendant, and defendant waives and gives up any claim under
21   the United States Constitution, any statute, Rule 410 of the Federal
22   Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
23   Procedure, or any other federal rule, that the statements or any
24   evidence derived from the statements should be suppressed or are
25   inadmissible.

26                   COURT AND PROBATION OFFICE NOT PARTIES

27       16.   Defendant understands that the Court and the United States
28   Probation Office are not parties to this agreement.

8

NO ADDITIONAL AGREEMENTS

17.   Defendant understands that, except as set forth herein, and in the parties' tolling agreements, Plea Agreement, and attached exhibits, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in writing signed by all parties or on the record in court.

AGREED AND ACCEPTED

WILLIAM P. BARR
Attorney General of the United States

NICOLA T. HANNA
United States Attorney


_____          _____
MARK A. WILLIAMS                          11-21-19
DENNIS MITCHELL                           Date
Special Attorneys Appointed Under
28 U.S.C. § 515


_____          _____
MARY M. SHAFFER                           11/18/2019
                                          Date
Head of HSE & Real Estate Law for Crop Science

Authorized Representative of Defendant
MONSANTO COMPANY


_____          _____
ALICE S. FISHER                           11/18/19
Attorney for Defendant                    Date
MONSANTO COMPANY


_____          _____
WILLIAM M. HARSTAD                        11/18/19
Attorney for Defendant                    Date
MONSANTO COMPANY

9

1                          <u>CERTIFICATION OF DEFENDANT</u>

2       I have been authorized by defendant MONSANTO COMPANY

3 ("defendant") to enter into this agreement on behalf of defendant.

4 I have read this agreement in its entirety.  I have had enough time

5 to review and consider this agreement, and I have carefully and

6 thoroughly discussed every part of it with defendant's attorney.  I

7 understand the terms of this agreement, and I voluntarily agree to

8 those terms on behalf of defendant.  I have discussed the evidence

9 with defendant's attorney, and defendant's attorney has advised me

10 of defendant's rights, of possible pretrial motions that might be

11 filed, of possible defenses that might be asserted either prior to

12 or at trial, of the sentencing factors set forth in 18 U.S.C.

13 § 3553(a), of relevant Sentencing Guidelines provisions, and of the

14 consequences of entering into this agreement.  No promises,

15 inducements, or representations of any kind have been made to me or

16 to defendant other than those contained in this agreement.  No one

17 has threatened or forced me or defendant in any way to enter into

18 this agreement.  I am satisfied with the representation of

19 defendant's attorney in this matter.

20

21 _____       _11/18/2019_____

22 MARY M. SHAFFER                Date

23 Head of HSE & Real Estate Law for Crop Science

24 Authorized Representative of
   Defendant
25 MONSANTO COMPANY

26

27

28

1    I am defendant MONSANTO COMPANY's attorney.  I have carefully

2  and thoroughly discussed every part of this agreement with the

3  authorized representative of my client.  Further, I have fully

4  advised my client and its authorized representative of its rights,

5  of possible motions that might be filed, of possible defenses that

6  might be asserted either prior to or at trial, of the sentencing

7  factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

8  Guidelines provisions, and of the consequences of entering into this

9  agreement.  To my knowledge: no promises, inducements, or

10  representations of any kind have been made to my client other than

11  those contained in this agreement; no one has threatened or forced

12  my client in any way to enter into this agreement; my client's

13  decision to enter into this agreement is an informed and voluntary

14  one; and the factual basis set forth in this agreement is sufficient

15  to support convictions to the charges specified in this agreement.

16

17  _____          11 /18/19
                                              _____
18  ALICE S. FISHER                           Date
    Attorney for Defendant
19  MONSANTO COMPANY

20

21

22

23

24

25

26

27

28

11

1    I am defendant MONSANTO COMPANY's attorney.  I have carefully
2  and thoroughly discussed every part of this agreement with the
3  authorized representative of my client.  Further, I have fully
4  advised my client and its authorized representative of its rights,
5  of possible motions that might be filed, of possible defenses that
6  might be asserted either prior to or at trial, of the sentencing
7  factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
8  Guidelines provisions, and of the consequences of entering into this
9  agreement.  To my knowledge: no promises, inducements, or
10 representations of any kind have been made to my client other than
11 those contained in this agreement; no one has threatened or forced
12 my client in any way to enter into this agreement; my client's
13 decision to enter into this agreement is an informed and voluntary
14 one; and the factual basis set forth in this agreement is sufficient
15 to support convictions to the charges specified in this agreement.

16

17 _____        _____11/18/2019_____
   WILLIAM M. HARSTAD                Date
18 Attorney for Defendant
   MONSANTO COMPANY
19

20

21

22

23

24

25

26

27

28